23  193
133  625

ARCHIBALD WILLIAMS, Appellant, v. CHARLES BALLANCE, and HENRY KELLOGG, Appellees.

APPEAL FROM PEORIA.

A. made a claim to and improvements upon a fractional quarter section of land in 1832; a patent issued to him therefor in 1838; he resided on an adjoining quarter section most of the time until 1844, when he moved upon it; but before then, he had laid out the land into town lots, and leased one of the lots, which continued so leased ever since. *Held*, that A. occupied the lot so leased, in such way as to entitle him to take the benefit of the statute of limitations of 1835. ·

If a party resides upon the legal subdivision of land, described in his patent, occupying and possessing by himself and tenants, although the land may be subdivided into town lots, he can claim the benefit of the statute of limitations of 1835; it is not necessary that he should reside upon every part and parcel of the · land.

THE appellant brought his action of ejectment to the November term of the Circuit Court of Peoria county, A. D. 1858. The declaration is in the usual form, and is for the recovery of part of the south-west fractional quarter of section nine, in township eight north, range eight east of the 4th principal meridian, and known on the plat and survey of the village of Peoria, as approved by the surveyor general for the States of Illinois and Missouri, on the 1st day of September, A. D. 1840, as claim number fifty-nine, in said village of Peoria—the title to which plaintiff claims in fee.

Defendants filed their plea of not guilty.

At the November term, 1858, of said court, the cause came on for trial before POWELL, Judge, a jury being waived by consent.

The court found for defendants, and rendered a judgment against plaintiff for costs.

Plaintiff prayed an appeal, which, by consent, was allowed, without bond.

The bill of exceptions, is in substance as follows:

Plaintiff read in evidence,

1st.   An act of Congress, entitled "An act for the relief of the inhabitants of the village of Peoria, in the State of Illinois," approved May 15th, 1820.

2nd.   An act of Congress, entitled "An act to confirm certain claims to lots in the village of Peoria, in the State of Illinois," approved March 3rd, 1823.

3rd.   The report of Edward Coles, register of the land office at Edwardsville, made in pursuance of said first recited act, to the secretary of the treasury of the United States, on 10th of November, 1820, and printed in the third volume of "American State Papers," containing " documents legislative and executive,

13

of the Congress of the United States, in relation to public lands, from the first session of the first Congress to the first session of the twenty-third Congress, from March, 1787, to June, 1834, selected and edited under the authority of the Senate of the United States, by Walter Lowrie, secretary of the Senate," on pages from 421 to 431, inclusive.

4th. A certified copy of survey and plat of village of Peoria, made in pursuance of aforesaid acts of Congress, and under direction of surveyor general of Missouri and Illinois, approved by surveyor 1st Sept., 1840.

5th. A certified copy of a separate plat of said lot, or French claim No. 59, being the land for which this suit is brought.

6th. A deed from John Baptiste Blondeau to Adam W. Snyder, dated 22nd October, 1825, for premises in controversy.

7th. A deed from Adam W. Snyder and wife to Alfred Cowles, dated July 24th, 1835.

8th. A deed from Alfred Cowles to Archibald Williams, plaintiff, dated 16th Sept., 1857.

Plaintiff further proved, that the lot in controversy was situated on south-west fractional quarter of section 9, township 8 north, range 8 east, in Peoria county, Illinois—that said fractional quarter was laid out into town lots by survey, duly authorized, on 13th February, 1846, which survey was acknowledged by said Ballance on 10th April, 1846, and duly recorded. That claim 59, for which this action is brought, is laid down as lots two and three, in block forty-seven, in said Ballance's addition to Peoria, as surveyed, platted and recorded as aforesaid.

Defendant then proved that Charles Ballance took possession of south-west fractional quarter of section 9, township 8 north, range 8 east, aforesaid, in spring of 1832, as a squatter, with a view to obtain a pre-emption right under any act of Congress that might be passed. His possession at first amounted only to the building a shanty, or inferior house, and planting seeds of a few vegetables in a small inclosure. Said Ballance occupied said shanty for a short time, as a residence, when he removed to a boarding house kept on another part of said section. During that summer he enlarged his improvements, and enclosed three or four acres, but continued to board on an adjoining quarter of said section until the fore part of the year 1834, when he bought a house and commenced housekeeping, with a sister, on said adjoining quarter section. He married on 24th March, 1836; continued to keep house, on said adjoining quarter section, until May, 1844. In 1842 he commenced building his present residence on south-west quarter, and in May, 1844, got it so far completed that he moved into it with his family, and has resided

in it ever since. In 1834 he enlarged his improvement, and continued to enlarge it from time to time, until by 1840 he had not less than fifty acres in cultivation. Has cultivated a large portion of said tract since 1834, claiming to own it, until, as he sold or leased portions, he surrendered to purchasers or lessees. Ballance occupied, as a squatter, until 5th April, 1832. From April 5th, 1832, to 9th June, 1836; after which he claimed possession also by virtue of pre-emption law of that year, and by virtue of those two pre-emption laws, and proofs filed in land office at Quincy, and certificate of register of sufficiency of said proofs, until 27th November, 1837, when said Ballance entered said quarter at land office at Quincy, and received the duplicate receipt hereafter set forth, signed Thos. Carlin, receiver; and a receipt from register, Samuel Leach, hereafter set forth. Held possession, by virtue of those papers, until patent issued to him on 24th January, 1838, as hereafter set forth.

Then follows receipt of Thomas Carlin, receiver.

Pre. Act 1836. Receiver's Office, Quincy, Ill., 27th Nov., 1837. For $184.28¾, paid by Charles Ballance in full payment for S. W. fract. quarter of sec. 9, town. 8 N., R. 8 E. of 4th prin. meridian, containing 147 43-100 acres, at $1.25 per acre.

Certificate of Samuel Leach, register of land office, Quincy, Illinois, date 27th November, 1837, that Charles Ballance did, on said day, enter said land.

Patent, dated 24th January, 1838, from United States to Charles Ballance, of Peoria county, Illinois, for S. W. fract. quarter of sec. 9, in township 8 N., R. 8 E., in district of lands subject to sale at Quincy, Illinois.

Said patent contains, after said description, the following words: "Do give and grant unto the said Charles Ballance, and to his heirs and assigns forever; subject, however, to the rights of any and all persons claiming under the act of Congress of 3rd March, 1823, entitled 'An act to confirm certain claims to lots in the village of Peoria, in the State of Illinois.'"

Defendant then proved by *Almiron L. Cole* that about fourteen years ago said Ballance leased the premises included in lot No. 3, in block No. 47, to said Cole, for the purposes of a distillery. That Cole immediately inclosed the same with a high and strong fence, and built thereon a steam distillery, brick malt house, several expensive hog houses, corn houses, etc. That Henry Kellogg, one of the defendants, was, when this suit commenced, in possession of said premises as a distillery, under the lease to Cole; that premises have been occupied under Ballance's lease to Cole, continually, since Cole first took possession, as a distillery and place of business; that no one resided on the premises, but each of the parties occupying under said

lease resided, with their families, in the city of Peoria, on another quarter section, about half a mile from these premises; that distillery is on the Illinois river, and on opposite side of river is much ground subject to overflow, and not suitable for family residences.

It was admitted that parties were in possession of premises in controversy when this suit was commenced, and are still in possession.

Plaintiff then gave in evidence the application of Charles Ballance to enter said land, which is as follows:

"No. 13,293. 27th day of November, 1837. I, Charles Ballance, of Peoria county and State of Illinois, do hereby apply for the purchase of the south-west fractional quarter of section numbered nine, in township numbered eight north, of range numbered eight east of the fourth principal meridian. Containing one hundred and forty-seven 43-100 acres, according to the returns of the surveyor general, for which I have agreed, with the register, to give at the rate of one dollar and twenty-five cents per acre, *subject, however, to the rights of any and all persons claiming under act of Congress, 3rd March, 1823, entitled, an act to confirm certain claims to lots in the village of Peoria, in the State of Illinois.* C. BALLANCE."

It was agreed by the parties that the acts of Congress aforesaid, and the report of Edward Cowles, need not be copied into the record, but that the same might be read upon trial in Supreme Court with like effect as if copied at large into record; that a judgment *pro forma* might be entered in favor of defendants, to be considered as though entered upon a special verdict; that defendants would enter their appearance to this cause in Supreme Court, without further or other notice, upon plaintiff filing a' copy of record in said court—cause to proceed to trial in same manner as though a writ of error, or appeal, had been taken and prosecuted; that the plats and surveys of said French claims, numbered four and five, as part of plaintiff's evidence, and the plat and survey of Ballance's addition to Peoria, need not be copied into the record, but the same, if duly certified, may be filed or used as part of the record in Supreme Court.

The court, on the hearing, gave judgment *pro forma* in favor of defendants, to which ruling plaintiff then and there excepted, and court signed and sealed bill of exceptions.

Errors assigned:—

1st. That court erred in finding for defendants.

2nd. Court erred in rendering judgment against plaintiff, when, by law, the finding of said court should have been for plaintiff, and the judgment of court for plaintiff, upon such finding.

WILLIAMS, GRIMSHAW & WILLIAMS, for Appellant.

C. BALLANCE, for Appellees.

CATON, C. J. That the patent to Ballance was a sufficient title to satisfy the requirement of the statute of limitations of 1835, we have already decided in the case of *Lender* v. *Kidder*, *ante*, p. 49, and the only remaining question is, whether the defendant had the possession required by the statute under this title. The patent is for the South-West fractional quarter of Section nine, in Town eight North, of Range eight East of the third meridian, and was issued in January, 1838. As early as 1832, Ballance made a claim to this fraction, and commenced making improvements, but resided on an adjoining quarter most of the time till 1844, when he moved into a new house he had built on the fraction. In the meantime he had laid out the fraction into town lots, and leased the one in question to Cole, who has, by himself or sub-tenants, occupied the premises, under that lease, as tenants of Ballance, ever since. Did Ballance occupy the premises, described in the patent, since 1844, by actual residence thereon ? The fact simply is that he did, but he did not reside upon every square yard of the premises, nor upon the particular lot. Nor was it necessary. He resided upon the legal subdivision described in his patent, the evidence of his title, and possessed and occupied it by himself and tenants. We think the laying out the land into town lots did not deprive him of the benefit of the statute of limitations of 1835, as to all the fractional quarter except the particular lot on which his house stood. He had a right to divide it into as many lots, or portions, or divisions, as he pleased, and put a separate tenant on each, and their occupancy would be his possession, and the law only required him to possess and reside upon the premises claimed by his title papers, but the law does not say upon what portion he should reside, and above all, it does not declare that he should reside upon every portion of it. We entertain no doubt that the possession of, and residence upon, this fractional quarter section, were sufficient to satisfy the requirements of the statute, and the judgment must be affirmed.

*Judgment affirmed.*